UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Clinton Mattis,

        Defendant.

Crim. No. 03-225(2) (JNE/JGL)
Civ. No. 05-820 (JNE)
ORDER

Clinton Mattis moves *pro se* under 28 U.S.C. § 2255 (2000) for re-evaluation of his sentence. For the reasons stated below, the Court denies the motion.

On November 3, 2003, Mattis pleaded guilty to conspiracy to distribute more than 100 kg of marijuana. He was represented by counsel during the plea. In the plea agreement, Mattis agreed that the relevant drug quantity was at least 400 kg but less than 700 kg of marijuana. The base offense level for that quantity was 28. The plea agreement permitted the Court to determine whether there should be a role enhancement.

The Court scheduled an evidentiary hearing at the government's request to determine what, if any, role adjustment was appropriate. The government sought a four-level role enhancement, the Presentence Investigation Report recommended a four-level role enhancement, and the defendant sought no enhancement.

At the time set for sentencing, the parties reached a negotiated settlement by which the government and Mattis agreed that the Court should impose a two-level role enhancement. The Court adopted the agreement and found that the appropriate guideline base offense level was 28 (base offense level increased by 2 for role in the offense and decreased by 2 for acceptance of responsibility). The guideline range was

1

78-97 months. The Court imposed a mid-range sentence of 84 months. Mattis did not appeal his sentence. He now brings a motion under section 2255.

In support of his motion, Mattis recites the history of *United States v. Booker*, 125 S. Ct. 738 (2005). Much of the legal history he sets forth is accurate, but it does not advance his cause. There is no doubt that post-*Booker* the sentencing guidelines are advisory. However, *Booker* does not apply retroactively to cases on collateral review. *Lloyd v. United States*, No. 04-3549, 2005 WL 1155220 (3d Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 143-44 (2d Cir. 2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). In addition, a defendant who stipulates to sentencing factors cannot complain that he was denied due process by the way in which his guideline range was calculated. *See United States v. Johnston*, 105 Fed. Appx. 878, 880 n.2 (8th Cir. 2004). Accordingly, the Court denies Mattis's section 2255 motion.

Mattis also seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. There is no filing fee associated with a section 2255 motion. Accordingly, the Court denies Mattis's section 1915 motion.

Finally, an appeal may not be taken from a final order denying a motion under section 2255 without a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a COA unless the applicant "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Given the inapplicability of *Booker* to this case and Mattis's stipulations to sentencing factors, the Court concludes that he is not entitled to a COA.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS

ORDERED THAT:

1. Mattis's motion under 28 U.S.C. § 2255 [Docket Nos. 141 and 149 in Crim. No. 03-225(2); Docket No. 1 in Civ. No. 05-820] is DENIED.

2. Mattis's motion to proceed *in forma pauperis* [Docket No. 151 in Crim. No. 03-225(2)] is DENIED.

3. Mattis is not entitled to a certificate of appealability.

Dated: June 7, 2005

                                              s/ Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge